

null / ALL
**Transmittal Number: 30930833**
**Date Processed: 03/05/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Jessica Venckus<br>Ace Hardware Corporation<br>2915 Jorie Blvd<br>Oak Brook, IL 60523-2126 |
| **Electronic copy provided to:** | Sheri Vrtis<br>Kerilyn Johnson<br>Lindsey Hegarty<br>Kelly Muenzing<br>Bill Christou<br>Claire Weinstein |

| | |
|---|---|
| **Entity:** | Ace Hardware Corporation<br>Entity ID Number  1561391 |
| **Entity Served:** | Ace Hardware Corporation |
| **Title of Action:** | Michael Sandoval vs. Ace Hardware Corporation |
| **Matter Name/ID:** | Michael Sandoval vs. Ace Hardware Corporation (16985852) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | San Bernardino County Superior Court, CA |
| **Case/Reference No:** | CIV SB 2502625 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/04/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Manning Law, APC<br>949-200-8755 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** ACE HARDWARE CORPORATION, a
**(AVISO AL DEMANDADO):** Delaware corporation; and DOES 1-10,
inclusive,

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 26 2025

BY _____
**Ariel Cervantez** DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** MICHAEL SANDOVAL, an individual
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):

**CASE NUMBER:**
**CIV-SB 2502625**

Superior Court of California, County of San Bernardino
247 West Third Street, San Bernardino, Ca 92415

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es): Joseph R. Manning, Jr. #223381

Manning Law, APC
26100 Towne Centre Drive, Foothill Ranch, CA 92610

**Ariel Cervantez**

DATE:
(Fecha) **FEB 26 2025**

Clerk, by _____ Deputy
(Secretario)   (Adjunto)

949-200-8755

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Ace Hardware Corporation

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
      ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Western Doc & Form Builder

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Michael Sandoval

CASE NO.: CIV SB 2 5 0 2 6 2 5

vs.

**CERTIFICATE OF ASSIGNMENT**

Ace Hardware Corporation, et al.

# BY FAX

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the **SAN BERNARDINO** District of the Superior Court under Rule 404 of this court for the checked reason:

☐ General          ☐ Collection
X

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☒ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other | |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Ace Hardware | 17200 Main St. |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |
| HESPERIA | |
| CITY | CA | 92345 |
| | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on _01/08/2025_ at _Manning Law, APC, 26100 Towne Centre Drive, Foothill Ranch, 92610_, California

## CERTIFICATE OF ASSIGNMENT

13-16503-360,
Rev. 06-2014 Mandatory



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Sandoval -v- Ace Hardware Corporation et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | **Case Number**<br>CIVSB2502625 |

Manning Law, APC
26100 Towne Centre Drive
Foothill Ranch CA 92610

This case has been assigned to:  Carlos Cabrerain Department S24 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  8/26/2025 at 9:00 AM in Department S24 - SBJC

Date: 2/26/2025                    By: _____
                                        Ariel Cervantez, Deputy Clerk

-------------------------------------------------------------------------
-------------------------------------------------------------------------

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am
not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒  Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing
    this date, following standard Court practices.

☐  Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above,
    mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐  A copy of this notice was given to the filing party at the counter.

☐  A copy of this notice was placed in the bin located at this office and identified as the location for the above
    law firm's collection of file-stamped documents.

Date of Mailing: 2/26/2025

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 2/26/2025 at San
Bernardino, CA.

By: _____
     Ariel Cervantez, Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph R. Manning, Jr.    SBN: 223381 <br> Manning Law, APC <br> 26100 Towne Centre Drive, Foothill Ranch, CA 92610 <br> TELEPHONE NO.:949-200-8755    FAX NO.: 866-843-8308 <br> ATTORNEY FOR *(Name):* Michael Sandoval | **F I L E D** <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF SAN BERNARDINO <br> SAN BERNARDINO DISTRICT <br><br> **JAN 24 2025** <br><br> BY _____ <br> **Ariel Cervantez** DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, Ca 92415
BRANCH NAME: CIVIL DIVISION

CASE NAME: Michael Sandoval v Ace Hardware Corporation, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER CIVSB 2502625 |
|---|---|---|
| [X] Unlimited <br> (Amount demanded exceeds $25,000)   [ ] Limited <br> (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT:   **BY FAX** |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 1; ONE
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form )*

Date:01/08/2025
Joseph R. Manning, Jr.
_____
(TYPE OR PRINT NAME)       (SIGNATURE OF PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007]    CIVIL CASE COVER SHEET    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Docusign Envelope ID: D6D513AF-5030-4089-...-A514104A3CF2

1  Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
   **MANNING LAW, APC**
2  26100 Towne Centre Drive
   Foothill Ranch, CA 92610
3  Office: (949) 200-8755
   Fax: (866) 843-8308
4  DisabilityRights@manninglawoffice.com

5  Attorney for Plaintiff Michael Sandoval

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 24 2025

BY _____
   Ariel Cervantez    DEPUTY

6              SUPERIOR COURT OF CALIFORNIA

7          IN AND FOR THE COUNTY OF SAN BERNARDINO

8
9  MICHAEL SANDOVAL, an individual,

10              Plaintiff,

11  v.

12  ACE HARDWARE CORPORATION, a
    Delaware corporation; and DOES 1-10,
13  inclusive,

14              Defendants.

Case No.: **CIV SB  2 5 0 2 6 2 5**

**Complaint For Damages And Injunctive Relief
For:**

1. **Violations of the Americans with
   Disabilities Act**
   **(42 U.S.C. § 12101, et seq.)**
2. **Violations of the Unruh Civil Rights Act
   (Cal. Civ. Code § 51, et seq.)**

**BY FAX**

19
20  Plaintiff MICHAEL SANDOVAL ("Plaintiff") alleges the following upon information
21  and belief based upon investigation of counsel, except as to Plaintiff's own acts, which
22  Plaintiff alleges upon personal knowledge:

23                          **INTRODUCTION**

24      1.      Plaintiff is a visually-impaired and legally blind person who requires screen-
25  reading software ("SRS") to read website content using a computer.  Plaintiff uses the terms
26  "blind" or "visually-impaired" to refer to all people with visual impairments who meet the
27  legal definition of blindness in that they have a visual acuity with correction of less than or
28  equal to 20 x 200.  Some blind people who meet this definition have limited vision.  Others

---

**COMPLAINT**
1

1 | have no vision.

2 |     2.    Plaintiff brings this civil rights action against ACE HARDWARE

3 | CORPORATION, a Delaware corporation, ("Defendant") for its failure to design, construct,

4 | maintain, and operate its website (hereinafter the "Website" or "Defendant's Website" which

5 | shall refer to www.acehardware.com, and any other website operated by or controlled by

6 | Defendant as well as any third party content which is located on or used in connection with

7 | www.acehardware.com and any other website operated by or controlled by Defendant, for the

8 | purposes described herein) to be fully accessible to and independently usable by Plaintiff and

9 | other blind or visually-impaired people.

10 |     3.    Defendant's Website denies Plaintiff and other legally blind persons full and

11 | equal access to the Website and therefore to its products and services offered thereby and in

12 | conjunction with its brick-and-mortar location(s) in violation of Plaintiff's rights under the

13 | Americans with Disabilities Act (the "ADA") and California's Unruh Civil Rights Act (the

14 | "UCRA").

15 |     4.    Under the ADA, it is an act of discrimination to fail to ensure that the

16 | privileges, advantages, accommodations, facilities, goods and services of any place of public

17 | accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a

18 | place of public accommodation. See: 42 U.S.C. § 12182(a). Discrimination is defined, inter

19 | alia, as follows: "A failure to make reasonable modifications in policies, practices, or

20 | procedures, when such modifications are necessary to afford goods, services, facilities,

21 | privileges, advantages, or accommodations to individuals with disabilities, unless the

22 | accommodation would work a fundamental alteration of those services and facilities. 42

23 | U.S.C. § 12182(b)(2)(A)(ii)."

24 |     5.    The California Legislature provided a clear and statewide mandate for the

25 | elimination of discrimination against individuals with disabilities when it enacted the Unruh

26 | Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Discrimination sought to be eliminated by the

27 | UCRA includes barriers to full integration, independent living, and equal opportunity for

28 | individuals with disabilities, which then necessarily includes barriers created by websites and

1    other places of public accommodation that are inaccessible to blind and visually-impaired

2    individuals.

3        6.    Because Defendant's Website is not equally, independently, or fully accessible

4    to blind and visually-impaired consumers in violation of the ADA and the UCRA, Plaintiff

5    seeks a permanent injunction to cause a change in Defendant's corporate policies, practices,

6    and procedures so that Defendant's Website will become and remain accessible to blind and

7    visually-impaired consumers who require the use of SRS to access the Website.

8                **JURISDICTION AND VENUE**

9        7.    Defendant conducted and continues to conduct substantial business in the State

10   of California, County of San Bernardino, and Defendant's offending Website is available

11   throughout California.

12       8.    Defendant conducts substantial business in San Bernardino County.

13       9.    A substantial portion of the conduct complained of herein occurred in this

14   District.

15                       **PARTIES**

16       10.   Plaintiff, at all times relevant and as alleged herein, is a resident of California,

17   County of San Bernardino. Plaintiff is legally blind and cannot use a computer without the

18   assistance of SRS.  However, Plaintiff is a proficient user of SRS and uses it to access the

19   internet.  Plaintiff has visited the Website on separate occasions using SRS.  During Plaintiff's

20   separate visits to Defendant's Website, Plaintiff encountered multiple access barriers which

21   denied Plaintiff full and equal access to the facilities, goods, and services offered to the public

22   and made available to the public on Defendant's Website. Due to the widespread access

23   barriers Plaintiff encountered on Defendant's Website, Plaintiff has been deterred obtaining

24   full and equal access to the Website.

25       11.   Plaintiff did not encounter, nor does he in any way base his claims alleged

26   herein, upon the presence of any physical or architectural barrier in any public place of

27   accommodation.

28       12.   Plaintiff wants to avail himself of Defendant's goods and services as offered

**COMPLAINT**
3

1  on Defendant's Website, including the service that is the Website itself.

2      13.    Plaintiff also evaluated the Website for full and equal access to Plaintiff and
3  other legally blind persons.

4      14.    Plaintiff is also a civil rights advocate for the disabled to determine compliance
5  with the ADA.

6      15.    Plaintiff has filed multiple lawsuits against various operators of commercial
7  websites as part of Plaintiffs advocacy work on behalf of the civil rights of visually-impaired
8  persons.

9      16.    Plaintiff intends to continue to engage in such advocacy work into the
10  foreseeable future to ensure that Defendant's commercial Website and others are fully and
11  equally enjoyable to and usable by visually-impaired persons, including himself.

12      17.    Plaintiff is being deterred from patronizing the Defendant's Website and/or
13  brick-and-mortar locations on particular occasions.

14      18.    Plaintiff has standing to sue Defendant under the UCRA.  As the California
15  Supreme Court explained in *Angelucci v. Century Supper Club*, 41 Cal.4th 160 (2007),"an
16  individual plaintiff has standing under the [Unruh Civil Rights] Act if he or she has been the
17  victim of the defendant's discriminatory act." *Id.* at 175.

18      19.    Plaintiff is informed and believes, and thereon alleges Defendant is a Delaware
19  corporation, and has its principal place of business in Oak Brook, Illinois.

20      20.    Defendant operates brick-and-mortar locations in San Bernardino County,
21  California. Defendant's brick-and-mortar locations constitute places of public accommodation.

22      21.    Defendant's Website provides consumers with access to an array of goods,
23  services, and information related to Defendant's brick-and-mortar locations including product
24  descriptions, online ordering, video content, online chat options, contact options, location
25  information, career opportunities, pricing details, account sign-up, loyalty program sign-up,
26  and/or many other benefits.

27      22.    The true names and capacities of the Defendants sued herein as DOES 1
28  through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants

**COMPLAINT**
4

1   by fictitious names.

2        23.    Each of the Defendants designated herein as a DOE is legally responsible for

3   the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to

4   reflect the true names and capacities of the DOE Defendants when such identities become

5   known.

6        24.    At all relevant times as alleged herein, each and every Defendant was acting as

7   an agent and/or employee of each of the other Defendants and was acting within the course

8   and/or scope of said agency and/or employment with the full knowledge and consent of each

9   of the Defendants.

10       25.    Each of the acts and/or omissions complained of herein were alleged and made

11  known to, and ratified by, each of the other Defendants (Defendant, together with any DOE

12  Defendants, are collectively referred to hereinafter as "Defendant" or "Defendants").

13              **VISUALLY-IMPAIRED PERSONS' ACCESS TO THE INTERNET**

14       26.    The Internet has become a significant source of information, a portal, and a tool

15  for conducting business, doing everyday activities such as shopping, learning, banking,

16  researching, as well as many other activities for sighted, blind and visually-impaired persons

17  alike.

18       27.    As an essential tool for many Americans, when accessible, the Internet provides

19  individuals with disabilities great independence.

20       28.    Blind persons are able to access websites using keyboards in conjunction with

21  SRS that vocalizes the visual information found on a computer screen.  This technology is

22  known as screen-reading software.

23       29.    Except for legally blind individuals whose residual vision allows them to use

24  magnification, screen-reading software is currently the only method a blind person can fully

25  and independently access the internet.

26       30.    Blind and visually-impaired users of Windows computers and devices have

27  several screen-reading software programs available to them.

28       31.    Job Access With Speech, otherwise known as "JAWS," is currently the most

1  popular, separately SRS available for Windows.

2      32.    For SRS to function, the information on a website must be capable of being

3  rendered into text. If the website content is not capable of being rendered into text, the blind

4  or visually-impaired user is unable to access the same content available to sighted users using

5  their keyboards because they are unable to see the screen or manipulate a mouse.

6      33.    SRS is currently the only method a blind or visually-impaired person may

7  independently access the internet, websites, and other digital content.

8      34.    If the website content is not capable of being rendered into text, the blind or

9  visually-impaired user is unable to access and navigate the same content on a website or

10  mobile app that is available to sighted users.

11      35.    There are well-established industry adopted guidelines for making websites

12  accessible to visually-impaired people who require screen-reading software programs. These

13  guidelines have existed for at least several years and are successfully followed by large

14  business entities who want to ensure their websites are accessible to all persons.

15      36.    The Web Accessibility Initiative ("WAI"), an initiative of the World Wide Web

16  Consortium developed guidelines on website accessibility.

17      37.    Through Section 508 of the Rehabilitation Act, the federal government also

18  promulgated website accessibility standards. These guidelines, easily found on the Internet,

19  recommend several basic components for making websites accessible, including, but not

20  limited to: adding invisible Alt-text to graphics; ensuring all functions can be performed using

21  a keyboard and not just a mouse; ensuring that image maps are accessible; and adding

22  headings so blind and visually-impaired people can navigate websites and mobile applications

23  just as sighted people do. Without these basic components, websites and mobile applications

24  are inaccessible to a blind person using SRS.

25      38.    Common barriers encountered by blind and visually-impaired persons include,

26  but are not limited to, the following:

27          a.  A text equivalent for every non-text element is not provided;

28          b.  Title frames with text are not provided for identification and navigation;

**COMPLAINT**
6

c. Equivalent text is not provided when using scripts;

d. Forms with the same information and functionality as for sighted persons are not provided;

e. Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

f. Text cannot be resized without assistive technology up to 200 percent without loss of content or functionality;

g. If the content enforces a time limit, the user is not able to extend, adjust, or disable it;

h. Web pages do not have titles that describe the topic or purpose;

i. The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

j. One or more keyboard operable user interface lacks a mode of operation where the keyboard focus indicator is discernible;

k. The default human language of each web page cannot be programmatically determined;

l. When a component receives focus, it may initiate a change in context;

m. Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component;

n. Labels or instructions are not provided when content requires user input;

o. In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not nested according to their specifications, elements may contain duplicate attributes and/or any IDs are not unique;

p. Inaccessible Portable Document Format (PDFs); and,

q. The name and role of all User Interface elements cannot be programmatically determined; items that can be set by the user cannot

be programmatically set; and/or notification of changes to these items is not available to user agents, including screen-reading software.

39.     Binding California law recognizes website accessibility claims under the ADA and the UCRA.

40.     In September 2019, California Court of Appeal in *Thurston v. Midvale Corp.*, 39 Cal. App. 5th 634 (2019), held that businesses are accountable for the inaccessibility of websites and for content of third parties with whom they contract to provide services to customers (map programs, reservations, sales etc.), that the trial court did not violate defendant's due process rights by imposing WCAG 2.0 AA compliance standards for injunctive relief, that the injunction was not overbroad or uncertain, and that plaintiff had standing to obtain injunction under the Unruh Act because she visited the website and encountered barriers to access. In June 2020, California Court of Appeal in *Martinez v. San Diego County Credit Union*, 50 Cal.App.5th 1048 (2020), also held that there is a sufficient nexus between a website and place of public accommodation if the website permits the customer to research and prepare before going to the physical facility, including to make informed decisions about its products and services.

41.     An abundance of other courts throughout California and the country have also held that commercial websites and mobile applications must be accessible under the ADA and UCRA.

42.     Each of Defendant's violations of the ADA constitutes a violation of the UCRA. Cal. Civ. Code § 51(f).

**FACTUAL BACKGROUND**

43.     Defendant offers its commercial Website to the public.

44.     The Website offers features which should allow all consumers to access the goods and services offered in connection with its brick-and-mortar locations. The Website itself is also a service offered to the public.

45.     The Website provides consumers with access to an array of goods, services, and information related to Defendant's brick-and-mortar locations which include, but are not

1    limited to, the following: product descriptions, online ordering, video content, online chat

2    options, contact options, location information, career opportunities, pricing details, account

3    sign-up, loyalty program sign-up, and/or many other benefits.

4    46.    Based on information and belief, it is Defendant's policy and practice to deny

5    Plaintiff, along with other blind or visually-impaired users, access to Defendant's Website, and

6    to therefore specifically deny the goods and services that are offered and integrated with

7    Defendant's brick-and-mortar locations and otherwise.

8    47.    Due to Defendant's failure and refusal to remove access barriers to its Website,

9    Plaintiff and visually-impaired persons have been and are still being denied equal access to

10    Defendant's brick-and-mortar locations and the numerous goods, services, privileges, and

11    benefits offered to the public through Defendant's Website, including the Website itself.

12    48.    Plaintiff cannot use a computer without the assistance of SRS.

13    49.    Plaintiff is a proficient user of SRS and uses it to access the Internet.

14    50.    Plaintiff's SRS is the current version and is up to date.

15    51.    Plaintiff has visited Defendant's Website on separate occasions using SRS.

16    52.    While attempting to navigate the Website, Plaintiff encountered multiple

17    accessibility barriers for blind or visually-impaired people that include, but are not limited to:

18        a.    The home page has graphics, links, and buttons that are not labeled or

19            are incorrectly labeled, or lack alternative text ("Alt-text"). Alt-text is

20            invisible code embedded beneath a graphical image on a website. Web

21            accessibility requires that Alt-text be coded with each picture so that

22            screen-reading software can speak the Alt-text where a sighted user sees

23            pictures. Alt-text does not change the visual presentation, but instead a

24            text box shows when the cursor moves over the picture. The lack of

25            Alt-text on these graphics prevents screen-readers from accurately

26            vocalizing a description of the graphics;

27        b.    Plaintiff encountered multiple unlabeled or mislabeled buttons and

28            links. Without descriptive alternate text, Plaintiffs, and other screen-

**COMPLAINT**

9

reader users, have no way to discern the purpose or function of the button or link;

   c. Plaintiff encountered multiple pages containing insufficient navigational headings requiring Plaintiff to expend substantial additional time to access information;

   d. Plaintiff encountered an inaccessible slideshow when attempting to access the Website requiring Plaintiff to expend substantial additional time to access information;

   e. Plaintiff was unable to browse products because product links and descriptions were inaccessible to SRS; and,

   f. Plaintiff was unable to place an order for pick up because of an inaccessible order system.

53. Due to the unlabeled buttons, lack of Alt-text, the structure of the headings and Website, cursor traps, and other barriers, Plaintiff was unable to fully and independently access the Website when visiting for the dual purpose of confirming compliance with the UCRA and ADA and to browse products and place an order for pick up at the nearest brick-and-mortar location.

54. Plaintiff intended to place an order for home improvement products for pick up at Defendant's brick-and-mortar location in Hesperia, California. Due to the inaccessibility of product descriptions and ordering system, Plaintiff was prevented from visiting Defendant's brick-and-mortar location and picking up home improvement products. Plaintiff was therefore deprived of equal enjoyment of Defendant's brick-and-mortar location.

55. Since as early as November 12, 2024, November 21, 2024, and until the current date, during Plaintiff's separate visits to the Website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and services offered to the public and made available to the public on the Website.

56. Due to the widespread access barriers Plaintiff encountered on the Website, Plaintiff has been deterred, on a regular basis, from accessing the Website. Similarly, the

access barriers Plaintiff encountered on the Website have deterred Plaintiff from visiting
Defendant's brick-and-mortar locations.

57.    If the Website were equally accessible to all, Plaintiff could independently
navigate the Website as sighted individuals do.

58.    Having attempted to use the Website, Plaintiff has actual knowledge of the
access barriers that make these services inaccessible and independently unusable by blind and
visually-impaired people.

59.    There are readily available, well established guidelines, available to Defendant
on the Internet, for designing, constructing, and maintaining websites to be accessible to blind
and visually-impaired persons. Other large business entities have used these guidelines, or
have otherwise been able, to make their websites accessible, including but not limited to:
adding Alt-text to graphics and ensuring that all functions can be performed using a keyboard.
In addition, incorporating these basic changes and adding certain elements to Defendant's
Website would not fundamentally alter the nature of Defendant's business nor would it result
in an undue burden to Defendant. Because maintaining and providing a website where all
functions can be performed using a keyboard would provide full, independent, and equal
access to all consumers to the Website, Plaintiff alleges that Defendant has engaged in acts of
discrimination including, but not limited to the following policies or practices:

      a.   Construction and maintenance of a website that is inaccessible to
          visually-impaired individuals, including Plaintiff;

      b.   Failure to construct and maintain a website that is sufficiently intuitive
          so as to be equally accessible to visually-impaired individuals, including
          Plaintiff; and,

      c.   Failure to take actions to correct these access barriers in the face of
          substantial harm and discrimination to blind and visually-impaired
          consumers, such as Plaintiff, as a member of a protected class.

60.    Although Defendant may currently have centralized policies for maintenance
and operation of the Website, Defendant lacks a plan and policy reasonably calculated to make

1    its website fully and equally accessible to, and independently usable by, blind and other

2    visually-impaired consumers, including Plaintiff.

3          61.    Without injunctive relief, Plaintiff and other visually-impaired consumers will

4    continue to be unable to independently use Defendant's Website in violation of their rights.

5          62.    Defendants continue to operate the Website while providing insufficient full

6    and equal access by legally blind persons, including Plaintiff and other persons with visual

7    impairments, and will continue to do so and thereby deny full and equal access to Plaintiff and

8    other legally blind persons until this Court orders appropriate injunctive relief compelling

9    compliance with the ADA.

10    **FIRST CAUSE OF ACTION**

11    **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

12    **42 U.S.C. SECTION 12101, ET SEQ.**

13          63.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again

14    herein, the allegations contained in all prior paragraphs of this complaint. ACE HARDWARE

15    CORPORATION is a public accommodation with the definition of Title III of the ADA, 42

16    USC § 12181.

17          64.    The Website provided by the Defendant is a service, privilege or advantage and

18    extension of ACE HARDWARE CORPORATION's physical presence and terrestrial services.

19          65.    When a business provides services such as a website, it must provide an

20    accessible website.

21          66.    Here, an accessible website has not been provided. A failure to provide an

22    accessible website is unlawful discrimination against persons with disabilities.

23          67.    ACE HARDWARE CORPORATION's failure to ensure that the accessible

24    facilities were available and ready to be used by the plaintiff is a violation of the law.

25          68.    Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth

26    and incorporated therein, Plaintiff requests relief as set forth below.

27    ////

28    ////

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT,

## CAL. CIV. CODE § 51 ET SEQ.

### (By Plaintiff Against All Defendants)

69.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

70.     California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

71.     Defendant's brick-and-mortar locations are "business establishments" within the meaning of the Civil Code § 51 *et seq.*  Defendant generates revenue through its Website. Defendant's Website is a service provided by Defendant that is inaccessible to patrons who are blind or visually-impaired like Plaintiff.  This inaccessibility denies blind and visually-impaired patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public, including the service of the Website itself. Defendant is violating the UCRA, Civil Code § 51 *et seq.*, by denying visually-impaired customers the goods and services provided on its Website.  These violations are ongoing.

72.     Defendants' actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because of the following: Defendant has constructed a website that is inaccessible to Plaintiff; Defendant maintains the Website in this inaccessible format; and, Defendant has failed to take action to correct and remove these barriers that cause discrimination to persons with Plaintiff's disability.

73.     Defendant is also violating the UCRA, Civil Code § 51 *et seq.* because the conduct alleged herein violates various provisions of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325), as

1  set forth above.  Section 51(f) of the Civil Code provides that a violation of the right of any

2  individual under the ADA also constitutes a violation of the UCRA.

3        74.     The actions of Defendant violate UCRA, Civil Code § 51 *et seq.*, and Plaintiff

4  is therefore entitled to injunctive relief remedying the discrimination. Plaintiff expressly limits

5  the cost of injunctive relief sought to $50,000 or less.

6        75.     Plaintiff is entitled to statutory minimum damages pursuant to Civil Code § 52

7  for each and every offense; however, Plaintiff hereby expressly limits the amount of money

8  such that the total amount Plaintiff seeks to for each and every offense shall not exceed

9  $24,999.00.

10        76.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

11  **PRAYER**

12  **WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:**

13        1.     A Declaratory Judgment that at the commencement of this action Defendant

14  owns, maintains, and/or operates its Website in a manner which discriminates against the

15  blind, fails to provide access to blind or visually-impaired individuals, and that Defendant took

16  no action that was reasonably calculated to ensure that its Website is fully accessible to, and

17  independently usable by blind and visually-impaired individuals in violation of the ADA and

18  the UCRA;

19        2.     Preliminary and permanent injunctive relief as permitted by the ADA (42 U.S.C

20  § 12181); however, Plaintiff hereby expressly limits the injunctive relief to require that

21  Defendant expend no more than $50,000 thereon;

22        3.     Plaintiff seeks no relief related to any architectural barriers to access in this

23  Complaint and expressly limits all claims to injunctive relief to modifications of Defendant's

24  policies and procedures related to the Website;

25        4.     An award of statutory minimum statutory damages of not less than $4,000 per

26  violation pursuant to § 52(a) of the California Civil Code; **Note**: Plaintiff is not invoking

27  California Civil Code § 55 and is not seeking injunctive relief under the Disabled Persons

28  Act or the Unruh Civil Rights Act at all.

**COMPLAINT**
14

5.    As an additional violation, minimum statutory damages of not less than $4,000.00 for deterrence; and

6.    For reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and Civil Code Section 52.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated:   January 20, 2025          **MANNING LAW, APC**

By: _____

Joseph R. Manning Jr., Esq.

Attorney for Plaintiff

ADVISORY NOTICE TO DEFENDANT

YOU MAY BE ENTITLED TO ASK FOR A COURT STAY (AN ORDER TEMPORARILY
STOPPING ANY LAWSUIT) AND EARLY EVALUATION CONFERENCE IN THIS
LAWSUIT AND MAY BE ASSESSED REDUCED STATUTORY DAMAGES IF YOU MEET
CERTAIN CONDITIONS.

If the construction-related accessibility claim pertains to a site that has a Certified
Access Specialist (CASp) inspection report for that site, or to a site where new
construction or improvement was approved after January 1, 2008, by the local
building permit and inspection process, you may make an immediate request for a
court stay and early evaluation conference in the construction-related accessibility
claim by filing the attached application form with the court. You may be entitled to
the court stay and early evaluation conference regarding the accessibility claim only
if ALL of the statements in the application form applicable to you are true.

FURTHER, if you are a defendant described above (with a CASp inspection report or
with new construction after January 1, 2008), and, to the best of your knowledge,
there have been no modifications or alterations completed or commenced since the
CASp report or building department approval of the new construction or
improvement that impacted compliance with construction-related accessibility
standards with respect to the plaintiff's claim, your liability for minimum statutory
damages may be reduced to $1,000 for each offense, unless the violation was
intentional, and if all construction-related accessibility violations giving rise to the
claim are corrected within 60 days of being served with this complaint.

ALSO, if your business has been served with a complaint filed by a high-frequency
litigant, as defined in subdivision (b) of Section 425.55 of the Code of Civil
Procedure, asserting a construction-related accessibility claim, including, but not
limited to, a claim brought under Section 51, 54, 54.1, or 55 of the Civil Code, you
may also be entitled to a court stay and an early evaluation conference. If you
choose to request a stay and early evaluation conference, you may also request to
meet in person with the plaintiff and counsel for both parties, as well as experts if
the parties so elect, at the subject premises no later than 30 days after issuance of
the court order to jointly inspect the portions of the subject premises and review
any conditions that are claimed to constitute a violation of a construction-related
accessibility standard.

IN ADDITION, if your business is a small business that, over the previous three
years, or the existence of the business if less than three years, employs 25 or fewer
employees on average over that time period and meets specified gross receipts
criteria, you may also be entitled to the court stay and early evaluation conference
and your minimum statutory damages for each claim may be reduced to $2,000 for
each offense, unless the violation was intentional, and if all the alleged
construction-related accessibility violations are corrected within 30 days of being
served with the complaint.

If you plan to correct the violations giving rise to the claim, you should take
pictures and measurements or similar action to document the condition of the

physical barrier asserted to be the basis for a violation before undertaking any corrective action in case a court needs to see the condition of a barrier before it was corrected.

The court will schedule the conference to be held within 70 days after you file the attached application form.

The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at www.courts.ca.gov/selfhelp-start.htm.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at www.courts.ca.gov/selfhelp-start.htm.

You may file the application without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Section 55.55 of the Civil Code.

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
# ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov.*

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:** ATTORNEY MISCONDUCT. Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA 94105, Attention: Professional Competence.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DAL-001 [Rev. July 1, 2016]

**IMPORTANT ADVISORY INFORMATION
FOR BUILDING OWNERS AND TENANTS
(Disability Access Litigation)**

Civil Code, § 55.3
*www.courts.ca.gov*

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.




DAL-005

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | *FOR COURT USE ONLY* |
|---|---|---|
| NAME: | | |
| FIRM NAME: | | |
| STREET ADDRESS: | | |
| CITY: | STATE: ZIP CODE: | |
| TELEPHONE NO.: | FAX NO.: | |
| E-MAIL ADDRESS: | | |
| ATTORNEY FOR *(name)*: | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:

DEFENDANT:

| **DEFENDANT'S APPLICATION PURSUANT TO CIVIL CODE SECTION 55.54 FOR ☐ STAY AND EARLY EVALUATION CONFERENCE ☐ JOINT INSPECTION** | CASE NUMBER: |
|---|---|

*(Information about this application and filing instructions may be obtained at www.courts.ca.gov/selfhelp.htm.)*

1. Defendant *(name):*          requests a stay of proceedings and early evaluation conference pursuant to Civil Code section 55.54.

2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code section 55.52(a)(1).

3. The claim concerns a site that meets one of the following sets of requirements *(All items in one of a, b, c, or d must be checked for the court to order a stay and early evaluation conference. Check a box if the statement is true.)*

   a. ☐ **CASp-Inspected Site**

      (1) ☐ Site has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected or CASp determination pending, and if CASp inspected, there have been no modifications completed or commenced since the date of inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; and

      (2) ☐ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

   b. ☐ **New Construction**

      (1) ☐ Site has had new construction or improvements on or after January 1, 2008, approved pursuant to the local building permit and inspection process;

      (2) ☐ To the best of defendant's knowledge, there have been no modifications or alterations completed or commenced since that approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and

      (3) ☐ All violations have been corrected, or will be corrected within **60** days of defendant's being served with the complaint.

   c. ☐ **Small Business**

      (1) ☐ Site is owned or occupied by a defendant that is a small business that has employed an average of 25 or fewer employees over the past three years and meets the gross receipts eligibility criteria provided in Civil Code section 55.56(2)(f);

      (2) ☐ All violations have been corrected, or will be corrected within **30** days of being served with the complaint; and

      (3) ☐ Evidence showing that all violations have been corrected *(check one)* ☐ is attached ☐ will be filed with the court within **10** days of the court order setting an early evaluation conference.

      (4) I am filing the following with the court along with this application: *(The documents should be filed separately attached to a Confidential Cover Sheet and Declaration (form DAL-006).)*

         ☐ Proof of the number of defendant's employees as shown by wage reports forms filed with the Employment Development Department over the past three years or for existence of the business if less than three years; and

         ☐ Proof of defendant's average gross receipts as shown by federal or state tax documents for the three years before this application or for existence of the business if less than three years.

Page 1 of 2

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS
AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION**
**(Disability Access Litigation)**

Civil Code, § 55.54
*www.courts.ca.gov*

DAL-005

| PLAINTIFF:<br>DEFENDANT: | CASE NUMBER: |
|---|---|

**3. d.** ☐ **Case Filed by High-Frequency Litigant**

    (1) ☐ Site is owned or occupied by a defendant that is a business.

    (2) ☐ The complaint was filed by, or on behalf of, a "high-frequency litigant," as defined in Code of Civil Procedure section 425.55(b), asserting a construction-related accessibility claim including, but not limited to, a claim brought under Civil Code section 51, 54, 54.1, or 55.

    (3) ☐ The complaint includes a statement that it was filed by or on behalf of a high-frequency litigant, or a statement in the caption that "action subject to the supplemental fee in Government Code section 70616.5."

**4.** Defendant requests that the court:

    a. Stay the proceedings relating to the construction-related accessibility claim.

    b. Schedule an early evaluation conference.

    c. Order defendant to:

        (1) File a confidential copy of the Certified Access Specialist (CASp) report with the court and serve a copy of the report on the plaintiff at least **15** days before the date of the early evaluation conference, which shall be kept confidential as set forth in Civil Code section 55.54(d)(4); or

        (2) File with the court and serve on plaintiff evidence showing correction of all violations within **10** days of completion of the correction or, if seeking relief as a small business, within **10** days after issuance of a court order granting a stay.

    d. Order plaintiff to file with the court and serve on defendants the statement required by Civil Code section 55.54(d)(6) at least **15** days before the date of the early evaluation conference.

    e. ☐ Order plaintiff and plaintiff's counsel, if any, to meet in person with defendant within 30 days, at the site that is the subject of this action, for a joint inspection to review any issues that plaintiff claims are a violation of construction-related accessibility standards.

Date: _____

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

**DECLARATION OF DEFENDANT**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS
AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION**
(Disability Access Litigation)

For your protection and privacy, please press the Clear
This Form button after you have printed the form.