SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant,
ACE HARDWARE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| MICHAEL SANDOVAL, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>ACE HARDWARE CORPORATION, Delaware corporation; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. 5:25-cv-00765-JGB-SP<br>Honorable Jesus G. Bernal<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN BERNARDINO**<br><br>Date: May 19, 2025<br>Time: 9:00 a.m.<br>Ctrm: 1<br><br>Action Filed: January 24, 2025<br>Trial Date: None Set |

SMRH:4902-5601-7979.2

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................ 1

    A. Plaintiff's Original State Complaint ........................................................ 1

    B. Defendant's Removal To Federal Court. ................................................. 2

    C. Plaintiff's First Amended Complaint And Motion To Remand. ............. 3

III. ARGUMENT ...................................................................................................... 3

A. PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED BECAUSE DIVERSITY JURISDICTION EXISTS. ....................................... 3

    1. Statutory Damages. ................................................................................. 3

    2. Injunctive Relief. ..................................................................................... 5

    3. Attorneys' Fees. ...................................................................................... 7

B. PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED BECAUSE THE COURT HAS FEDERAL QUESTION JURISDICTION. ................................................................................................. 8

    1. The Interplay Between The Unruh Act And The ADA. ......................... 8

    2. The Court Has Federal Question Jurisdiction. ........................................ 9

IV. CONCLUSION. ................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Campbell v. Vitran Express, Inc.*
    471 Fed.Appx. 646 (9th Cir. 2012) ................................................................. 4

*Chavez v. JPMorgan Chase & Co.*
    888 F.3d 413 (9th Cir. 2018) .......................................................................... 5

*Doran v. 7-Eleven, Inc.*
    524 F.3d 1034 (9th Cir. 2008) ........................................................................ 8

*Engel v. Worthington*
    60 Cal.App.4th 628 (1997) ............................................................................. 7

*Feezor v. Del Taco, Inc.*
    431 F.Supp.2d 1088 (S.D. Cal. 2005) ......................................................... 4, 5

*Fontano v. Little Caesar Enterprises, Inc.*
    2010 WL 4607021 (C.D. Cal. Nov. 3, 2010) ............................................. 10, 11

*In re Ford Motor Co./Citibank (South Dakota), N.A.*
    246 F.3d 952 (9th Cir. 2001) ....................................................................... 5, 6

*Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*
    463 U.S. 1 (1983) ............................................................................................ 9

*Fritsch v. Swift Transp. Co. of Ariz., LLC*
    899 F.3d 785 (9th Cir. 2018) .......................................................................... 7

*Gil v. Winn-Dixie Stores, Inc.*
    257 F.Supp.3d 1340 (S.D. Fla. June 12, 2017) .............................................. 6

*Grable & Sons Metal Prods., Inc. v. Darue Eng's & Mfnr.*
    545 U.S. 308 (2005) ........................................................................................ 9

*Gugliemino v. McKee Foods Corp.*
    506 F.3d 696 (9th Cir. 2007) ...................................................................... 3, 4

*Hubbard v. Rite Aid Corp.*
    433 F.Supp.2d 1150 (S.D. Cal. May 4, 2006) ................................................ 5

SMRH:4902-5601-7979.2

*Hubbard v. Twin Oaks Health and Rehabilitation Center*
　　406 F.Supp.2d 1096 (E.D. Cal. April 5, 2005) ........................................................ 7

*James Shayler v. Unlimited, Limited Liability Company*
　　Case No. 2:20-cv-11605-SVW (July 1, 2021) ....................................................... 7

*In re Joseph R. Manning, Jr.*
　　Case No. SBC-25-O-30346 (March 24, 2025) ....................................................... 7

*Korn v. Polo Ralph Lauren Corp.*
　　536 F.Supp.2d 1199 (E.D. Cal. 2008) .................................................................... 4

*Lonberg v. City of Riverside*
　　2007 WL 2005177 (C.D. Cal. May 16, 2007) ....................................................... 5

*Martinez v. Epic Games, Inc.*
　　2020 WL 1164951 (C.D. Cal. Mar. 10, 2020) ...................................................... 6

*Martinez v. Johnson & Johnson Consumer Inc.*
　　471 F.Supp.3d 1003 (C.D. Cal. July 8, 2020) ....................................................... 6

*Molski v. Rapazzini Winery*
　　400 F.Supp.2d 1208 (N.D. Cal. 2005) .................................................................... 4

*Munson v. Del Taco, Inc.*
　　46 Cal.4th 661 (2009) ............................................................................................. 8

*Pickern v. Best Western Timber Cove Lodge Marina Resort*
　　194 F. Supp. 2d 1128 (E.D. Cal. 2002) ........................................................... 11, 12

*Simmons v. PCR Tech.*
　　209 F.Supp.2d 1029 (N.D. Cal. 2002) .................................................................... 7

*Thurston v. The Container Store, Inc.*
　　Case No. 5:16-CV-02658-SVW-DTB (C.D. Cal. Feb. 16, 2017) ....................... 12

*Wander v. Kaus*
　　304 F.3d 856 (9th Cir. 2002) ........................................................... 1, 8, 10, 11, 12

*Zamora v. Wendy's Int'l., LLC*
　　2020 WL 3469331 (N.D. Cal. June 25, 2020) ....................................................... 8

Statutes

28 U.S.C. § 1446(c) ........................................................................................................ 5

| | |
|---|---|
| 28 U.S.C. § 1446(c)(2) | 4 |
| 42 U.S.C. § 12101(b)(3) | 13 |
| 42 U.S.C. § 12188 | 8 |
| Americans With Disabilities Act ("ADA") | *passim* |
| ADA Amendments Act of 2008 | 10 |
| Cal. Civ. Code § 51(f) | 10, 12 |
| Cal. Civ. Code § 52 | 5, 7 |
| Cal. Civ. Code § 52(a) | 4 |
| California Disabled Persons Act | 11 |
| California Unruh Civil Rights Act ("UCRA") | *passim* |
| Calfirnia Building Standard Code ("CBC") | 9, 12 |
| Civil Code § 51 et seq. | 10 |

Other Authorities

| | |
|---|---|
| Defendant's' website – www.acehardware.com | 1 |

## I. INTRODUCTION

Plaintiff Michael Sandoval ("Plaintiff") has moved to remand his lawsuit to San Bernardino County Superior Court claiming that this Court lacks federal question jurisdiction over his California Unruh Civil Rights Act ("Unruh Act") claim under *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002) because he intentionally amended his complaint *after removal* to eliminate his claim under the Americans with Disabilities Act ("ADA"). Furthermore, Plaintiff argues that the Court lacks diversity jurisdiction because Plaintiff has purposefully limited his claims for statutory damages and injunctive relief to less than $75,000. Finally, Plaintiff claims that he is entitled to attorney's fees incurred in connection with his motion to remand because removal was not objectively reasonable.

As explained in more detail below, Plaintiff is wrong on all counts. First, the $75,000 amount-in-controversy threshold is easily met once the Court adds up the value of Plaintiff's claims for statutory damages, attorneys' fees, and injunctive relief. Second, district courts have distinguished *Wander* and held that there is federal question jurisdiction when, as here, Plaintiff's Unruh Act claim is premised exclusively upon ADA violations or involve the resolution of a substantial question of federal law. Third, Plaintiff's request for attorney's fees is baseless since Plaintiff's complaint indisputably asserted an ADA claim at the time of removal. Therefore, the Court should retain jurisdiction and deny Plaintiff's motion to remand.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff's Original State Complaint

On January 24, 2025, Plaintiff filed his complaint in Superior Court for the County of San Bernardino. (Docket 1-1, Complaint). Plaintiff alleged that Defendant's' website – www.acehardware.com ("Website") – was not accessible to him as a blind individual in violation of the ADA and the Unruh Act. (Complaint ¶¶2, 63-76).

|   |   |
|---|---|
| 1 | Plaintiff alleged that he was entitled to $4,000 in statutory damages not only for each of his multiple visits to the Website, but also for each time he was deterred from visiting the Website and for each time he was deterred from visiting Defendant's physical stores – all of which he alleged occurred on a regular and ongoing basis.  In particular, as to his actual visits, Plaintiff alleged that he visited the Website "as early as November 12, 2024, November 21, 2024, and *until the current date*, during Plaintiff's separate visits to the Website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access."  (Complaint ¶55).  As to his deterred visits, Plaintiff alleged that he "has been deterred on a regular basis, from accessing the Website" and from "visiting Defendant's brick-and-mortar locations." (Complaint ¶56).  Plaintiff further alleged that "[t]hese violations are ongoing" and that he wants an award of damages of "not less than $4,000 per violation…" (Complaint ¶71, Prayer for Relief ¶4). |

In addition to statutory damages, Plaintiff's complaint sought injunctive relief and attorney's fees.  In an attempt to defeat federal diversity jurisdiction, Plaintiff's complaint purported to limit injunctive relief to $50,000 and his statutory damages to $24,999.  (Complaint ¶¶74, 75).  Tellingly, Plaintiff places no limits on the amount of attorney's fees he can recover.  (Complaint ¶76, Prayer for Relief ¶6).

### B. Defendant's Removal To Federal Court.

On March 25, 2025, Defendant removed this action to federal court based on federal question and diversity jurisdiction.  Defendant explained that this Court had federal question jurisdiction over this matter because Plaintiff's ADA claim arises under a federal statute.  In addition, Defendant showed that diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000 when taking into account the statutory damages, injunctive relief, and attorney's fees sought by Plaintiff.

### C. Plaintiff's First Amended Complaint And Motion To Remand.

On April 2, 2025, Plaintiff filed a First Amended Complaint ("FAC") that removed his ADA cause of action in an attempt to defeat federal question jurisdiction. Other than removing the ADA claim, the FAC is identical to Plaintiff's original complaint. As in Plaintiff's original complaint, the FAC seeks statutory damages, injunctive relief, and attorney's fees based on the same alleged multiple visits and deterred visits which allegedly occurred on a regular and ongoing basis. (Docket 10, FAC ¶¶55, 56, 65). Like Plaintiff's original complaint, the FAC also places a $24,999 limit on statutory damages and a $50,000 limit on injunctive relief, while imposing no limits on the amount of attorney's fees sought. (FAC ¶¶68-70).

On April 16, 2025, Plaintiff filed the instant motion to remand this case to state court arguing that his removal of his ADA claim defeats federal question jurisdiction and that Defendant has not met its burden to establish diversity jurisdiction because Plaintiff purposefully limited his demand for statutory damages and injunctive relief to an amount just below the jurisdiction minimum.

## III. ARGUMENT

### A. PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED BECAUSE DIVERSITY JURISDICTION EXISTS.

As explained below, even though it is evident that Plaintiff has attempted to avoid diversity jurisdiction by limiting his monetary and injunctive relief to less than the jurisdictional minimum, he has failed to do so in both his Complaint and the FAC.[1]

#### 1. Statutory Damages.

Section 1332(a)'s amount in controversy requirement excludes only "interest and costs." *Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

---

[1] Plaintiff concedes that the parties are completely diverse. Accordingly, Defendant focuses its arguments on the amount-in-controversy.

Thus, the amount in controversy not only includes "compensatory damages," but also statutory penalties, injunctive relief, attorneys' fees, and other various forms of relief. *Id.* Although, on a motion to remand, the burden falls to the defendant to establish that jurisdiction exists, the defendant is not obligated to completely "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204-05 (E.D. Cal. 2008) (citing and quoting *McCraw v. Lyons*, 836 F.Supp. 430, 434 (W.D. Ky. 1994)). Rather, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 Fed.Appx. 646, 648 (9th Cir. 2012). Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," subject to certain exceptions, such as nonmonetary relief discussed below. 28 U.S.C. § 1446(c)(2).

In this case, Plaintiff's claim for monetary damages exceeds, or at the very least nearly satisfies the amount-in-controversy requirement before any other relief requested in the FAC is taken into account. Under the Unruh Act, a prevailing plaintiff may recover statutory damages of no less than $4,000 "for each and every offense" against the Act's provisions. Cal. Civ. Code § 52(a). "'Each offense' is each time the plaintiff visits the non-compliant place of public accommodation or each specific instance in which the plaintiff is deterred from attempting to visit." *Molski v. Rapazzini Winery*, 400 F.Supp.2d 1208, 12011-12 (N.D. Cal. 2005); *Feezor v. Del Taco, Inc.*, 431 F.Supp.2d 1088, 1090 (S.D. Cal. 2005) ("Plaintiffs seek damages for each and every offense under the Unruh Act.").

As explained above, both the Complaint and the FAC allege that Plaintiff: (1) has encountered purported access barriers on the Website on numerous occasions and up to the current date; (2) has been continuously deterred from accessing Defendant's website and physical store locations on a "ongoing" basis; and (3) will continue to be deterred until the Court grants injunctive relief.

SMRH:4902-5601-7979.2

In its removal papers, Defendant conservatively estimated only three actual visits and six deterrence visits, yielding $36,000 in statutory damages. However, based on Plaintiff's sweeping allegations of repeated and ongoing injury up to the present, at $4,000 per offense, the allegedly still-ongoing Unruh violations alleged in the Complaint and FAC easily satisfy the $75,000 amount in controversy. *See, e.g., Lonberg v. City of Riverside*, 2007 WL 2005177, at *9 (C.D. Cal. May 16, 2007) (awarding $221,000 in statutory damages for repeated encounters with a non-compliant sidewalk) (reversed on other grounds by *Lonberg v. City of Riverside*, 571 F.3d 846, 852 (9th Cir. 2009)); *see also Feezor*, 431 F.Supp.2d at 1090 ("[A] disabled plaintiff can recover the statutory minimum each time a defendant's noncompliance with the ADA and [the Unruh Act] deterred the plaintiff from visiting a particular establishment"); *see also Hubbard v. Rite Aid Corp.*, 433 F.Supp.2d 1150, 1170 (S.D. Cal. May 4, 2006) ("The Court concludes that Plaintiffs are entitled to statutory damages of $4,000 under Section 52 for these three visits for an award of $12,000 to each Plaintiff totaling $24,000.")

Moreover, even *assuming arguendo*, that Plaintiff's $24,999 limitation on damages applies, the $75,000 threshold is easily met when one takes in to account the other relief Plaintiff seeks, such as attorneys' fees and injunctive relief.

### 2. **Injunctive Relief.**

The Court may also consider the cost of nonmonetary relief, such as an injunction, when determining the amount in controversy. 28 U.S.C. § 1446(c); *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The Ninth Circuit has adopted the "either viewpoint rule" such that "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 246 F.3d 952, 958 (9th Cir. 2001). "In other words, where the value of plaintiff's recovery. . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that

represents the amount in controversy for jurisdictional purposes." *Id*.  However, the plaintiff cannot expressly limit the cost of injunctive relief sought in the complaint. *See Martinez v. Johnson & Johnson Consumer Inc.*, 471 F.Supp.3d 1003, 1008 (C.D. Cal. July 8, 2020) ("the Court agrees with the reasoning found in *Martinez* and concludes that Plaintiff cannot expressly limit the cost of injunctive relief [to remedy ADA violations on Defendant's website].  If Plaintiff prevails in this case, and injunctive relief is granted, the cost will be out of Plaintiff's control."); *see also Martinez v. Epic Games, Inc.*, 2020 WL 1164951, at *3 (C.D. Cal. Mar. 10, 2020) ("Plaintiff neglects to explain how this express disclaimer would actually apply in a world in which he prevails on his claim and a court issues an injunction ordering Defendant to change its website. . . Defendant would have no choice but to comply with the injunction. . . regardless of whether the cost of doing so would exceed Plaintiff's self-imposed $20,000 ceiling.")

      Here, in addition to monetary damages and attorneys' fees, Plaintiff seeks preliminary and permanent injunctive relief to remedy any violations on the Website.  (Complaint, Prayer; FAC, Prayer).  Such compliance costs alone exceed the $75,000 threshold.  *See, e.g., Gil v. Winn-Dixie Stores, Inc.*, 257 F.Supp.3d 1340, 1345 (S.D. Fla. June 12, 2017) (defendant estimated $250,000 to make website accessible to the blind per WCAG guidelines) (vacated on other grounds by *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir. April 7, 2021)).

      Although Plaintiff attempts to limit the cost of injunctive relief to $50,000, it is unclear how the Court could form the injunction in such a way as to allow Defendant to stop in the middle of making changes to its Website once the cost reaches $50,000.  However, even *assuming arguendo*, that Plaintiff's $50,000 limit to the injunctive relief applies and is feasible, that amount combined with statutory damages and attorneys' fees exceeds the $75,000 amount-in-controversy requirement.

### 3. Attorneys' Fees.

Plaintiff admits that attorneys' fees may be considered when determining the amount in controversy, but claims that fees "are limited to those incurred in the action thus far." (Plaintiff's Motion at 8). However, under Ninth Circuit law, future attorneys' fee must be considered. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy"); *see also Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034-35 (N.D. Cal. 2002) ("Such fees necessarily accrue until the action is resolved. Thus, the Ninth Circuit must have anticipated the district courts would project fees beyond removal.")[2] Indeed, prosecuting an individual Unruh Act claim can lead to a substantial recovery in attorneys' fees. *See, e.g., Engel v. Worthington*, 60 Cal.App.4th 628, 635-36 (1997) (finding $80,875 in attorneys' fees in 1997 for recovering $250 in Unruh damages to be reasonable); *see also Hubbard v. Twin Oaks Health and Rehabilitation Center*, 406 F.Supp.2d 1096, 1101 (E.D. Cal. April 5, 2005) (awarding plaintiff's counsel approximately $60,000 in attorneys' fees and costs as the prevailing party under Cal. Civ. Code section 52).

---

[2] Plaintiff's counsel consistently files motions to recover attorneys' fees in the actions they file, to the extent that they have been disciplined by the State Bar of California for filing fraudulent statements regarding the total hours Plaintiff's counsel billed to their cases. *See* Request for Judicial Notice ("RJN"), ¶ 1; Ex. A (*In re Joseph R. Manning, Jr.*, Case No. SBC-25-O-30346 (March 24, 2025) (alleging claims of moral turpitude and breach of professional ethics for fraudulent requests for attorneys' fees)). Moreover, federal courts have sanctioned Plaintiffs' counsel for the same misconduct. *See* RJN, ¶ 2; Ex. B (*James Shayler v. Unlimited, Limited Liability Company*, Case No. 2:20-cv-11605-SVW (July 1, 2021) (finding that the attorneys signed sworn declarations containing factual contentions that lacked evidentiary support and referring the matter to the State Bar of California for investigation)). Therefore, the court may expect Plaintiff's counsel to try to recover attorneys' fees in this matter, as well.

Even if future attorneys' fees are not considered, Plaintiff's motion to remand alone establishes the amount in controversy as Plaintiff seeks $1,500 in fees on the grounds that Defendant's removal was not objectively reasonable. Even with Plaintiff's self-imposed limitation of $74,999 on statutory damages and injunctive relief, it does not take a mathematician to see that only $2 in attorneys' fees would satisfy the jurisdictional threshold, much less the $1,500 that Plaintiff currently seeks.[3]

### B. PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED BECAUSE THE COURT HAS FEDERAL QUESTION JURISDICTION.

#### 1. The Interplay Between The Unruh Act And The ADA.

When it enacted Title III of the ADA, Congress explicitly provided private plaintiffs with a right of action to enforce the ADA as to barriers to access in places of public accommodation. *See* 42 U.S.C. § 12188. In doing so, Congress granted federal district courts the power to order injunctive relief in order to enforce the barrier removal provisions of the ADA. *Id*. As recognized by the Ninth Circuit, private enforcement through litigation is one of the primary methods to effectuate compliance with the ADA and provide greater accessibility to disabled persons. *See, e.g., Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008). Under the ADA, the only remedy available to private plaintiffs is injunctive relief. *See, e.g., Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); 42 U.S.C. § 12188.

Following the ADA's enactment, lawmakers in the state of California decided to modify California's Unruh Act to incorporate the ADA. *See Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 668-669 (2009). As a result, "[a] violation of the ADA is, by statutory definition, a violation of. . . the Unruh Act." *Zamora v. Wendy's Int'l.,*

---

[3] It goes without saying that Plaintiff's demand for $1,500 is specious as Defendant's removal was undeniably reasonable since Plaintiff asserted an ADA cause of action in his complaint.

*LLC*, 2020 WL 3469331, *3 (N.D. Cal. June 25, 2020). The ADA has specific accessibility guidelines for physical structures such as buildings which are contained in the 1991 ADA Standards and the 2010 ADA Standards. Similarly, the Unruh Act has specific accessibility standards for physical structures which are contained in the California Building Code ("CBC"). These accessibility standards under federal and state law largely overlap, but California has some independent standards. Thus, in general, a plaintiff seeking to prove a violation of the Unruh Act could rely upon a violation of the 1991 or 2010 ADA Standards or upon a violation of a standard in the CBC which may or may not be identical to its federal counterpart.

However, unlike the ADA, violations of California's state-law statutes entitle successful private plaintiffs to statutory damages (assuming they can show the additional state-law elements required for the awarding of damages). As explained below, whether or not a district court has federal question jurisdiction in a case alleging a violation of the Unruh Act depends on whether the Unruh Act claim is premised upon violations of federal or state accessibility standards and whether the plaintiff is seeking injunctive relief.

## 2. The Court Has Federal Question Jurisdiction.

Federal question jurisdiction exists over state law claims, *inter alia*, "plaintiff's right to relief depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng's & Mfnr.*, 545 U.S. 308, 314 (2005) (explaining that a complaint alleging only violations of state law may be removed to federal court under federal question jurisdiction if a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities").

Even though Plaintiff removed the ADA cause of action, the FAC continues to allege violations of the ADA:

- "Each of Defendant's violations of the Americans with Disability Act constitutes a violation of the UCRA. Cal. Civ. Code § 51(f)." FAC ¶42.

- "Defendant is also violating the UCRA, Civil Code § 51 et seq. because the conduct alleged herein violates various provisions of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. as amended by the ADA Amendments Act of 2008 (P.L. 110-325), as set forth above. Section 51(f) of the Civil Code provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA." FAC ¶67.

Plaintiff contends that he can purposefully evade federal jurisdiction by alleging only a violation of the Unruh Act even though it is premised exclusively upon a violation of the ADA, citing *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002). Plaintiff is wrong. In *Wander*, the Ninth Circuit merely stated that there was no federal-question jurisdiction over a claim under the DPA for *statutory damages after the ADA claim for injunctive relief had been dismissed as moot*. As explained below, courts have recognized that *Wander* does not apply to cases, such as the one here, where the plaintiff seeks relief exclusively based upon violations of the ADA.

The following cases are illustrative. In *Fontano v. Little Caesar Enterprises, Inc.*, 2010 WL 4607021 (C.D. Cal. Nov. 3, 2010), the court denied plaintiff's request for attorneys' fees and costs in support of his motion to remand (which defendant did not oppose). Similar to the facts of this case, plaintiff asserted a cause of action under the Unruh Act and sought injunctive relief and damages. *Id*. at *1. Plaintiff's cause of action under the Unruh Act was premised upon a violation of the ADA. *Id*. He did not allege a cause of action under the ADA or seek relief under the ADA in his prayer for relief. *Id*.

Contending that defendant's removal was groundless, plaintiff sought his attorneys' fees in support of his motion to remand. Plaintiff cited *Wander* and argued that "state law's incorporation of the ADA does not create federal-question jurisdiction and asserted that '[t]he Ninth Circuit Court of Appeals cannot be any

-10-

clearer on this point: Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim.'" *Id.* The *Fontano* court disagreed and declined to award plaintiff any fees or costs:

> "However, this issue is not as clear as Plaintiff suggests. In *Wander,* a plaintiff brought a claim for injunctive relief under the Americans with Disabilities Act and a claim for damages under the California Disabled Persons Act in federal court. *Wander,* 304 F.3d at 857. When plaintiff's claim for injunctive relief became moot, the court dismissed his state law claims for lack of subject matter jurisdiction, which plaintiff appealed. *Id.* at 857-58. The *Wander* court affirmed the district court's dismissal of plaintiff's state law claims, holding that "there is no federal-question jurisdiction over a lawsuit for *damages* brought under California's Disabled Person's Act, even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law…
> *Thus, the Wander court left open the question of whether a claim seeking injunctive relief under a state law incorporating the ADA would give rise to federal-question jurisdiction…*
> Without any evidence that Plaintiff's claim for injunctive relief was moot at the time Defendant removed the case to federal court, it is at the very least arguable that this Court had federal-question jurisdiction over Plaintiff's section 51(f) claim." *Id.* at *2 (emphasis added).

Another district court in California, *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002), relied upon by the *Fontano* court, concluded that a complaint seeking *injunctive relief* under a state law statute incorporating the ADA would, in fact, give rise to federal-question jurisdiction. The *Pickern* court reasoned:

> "State law provides for injunctive relief as well as damages, *see* Cal. Civ. Code § 52.1(b), and it is possible for a state law claim for injunctive relief to be premised solely on a violation of the ADA. Such a claim would be no different from a federal ADA claim. *Federal question jurisdiction must exist in those circumstances*. Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims. State claims for damages, on the other hand, are not identical to federal ADA claims for injunctive relief. *Thus, federal courts would have original jurisdiction*

-11-

> *over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages*. *Id*. at 1132 n.5 (emphasis added).

The opinion in *Pickern* was cited with approval by the Ninth Circuit in *Wander*, *supra* at 860. *See also Thurston v. The Container Store, Inc.*, Case No. 5:16-CV-02658-SVW-DTB, *3-4 (C.D. Cal. Feb. 16, 2017) ("[I]t is clear to this Court that *Wander* is not directly applicable to this case…the Defendant is correct that the Plaintiff's cause of action may require resolving the Defendant's liability under the ADA, which would seem to meet the test for 'arising under' federal law").

In this case, federal question jurisdiction exists. Unlike *Wander*, Plaintiff seeks injunctive relief and concedes that his Unruh Act claim is based solely upon alleged violations of the ADA: "Plaintiff's UCRA claim us based upon a violation of Civil Code §51(f), which incorporates the ADA's standards by reference." (Plaintiff's motion to remand at 4; FAC ¶¶67, 68; Prayer ¶2).

In addition, the FAC alleges that Defendant's Website violates the Unruh Act because the barriers Plaintiff experienced violate WCAG guidelines applicable to governmental websites under Title II of ADA. (FAC ¶¶ 35-37, 53). The Unruh Act and the CBC do not contain any website accessibility standards. In other words, Plaintiff attempts to rely upon federal law to try to prove his claims. Therefore, deciding the dispute presented by this case – whether WCAG accessibility standards apply under the ADA to non-governmental websites such as Defendant's Website and if so, what those standards are and require – involves resolution of complex and substantial questions of federal law.

Further, the resolution of the injunctive relief portion of Plaintiff's claim that is premised exclusively upon alleged ADA violations is of substantial importance to the federal system. Congress specifically designed the ADA around the idea that access for persons with disabilities would be enhanced through resolution of access claims by private litigants in the federal courts. Federal policy is to effectuate improved access for persons with disabilities by permitting private litigants to

resolve their claims in federal court where a plaintiff has alleged a violation of the ADA. In fact, Congress explicitly stated that one of the purposes in passing the ADA was "to ensure that the *Federal government plays a central role in enforcing the standards established in this act* on behalf of individuals with disabilities." 42 U.S.C. § 12101(b)(3) (emphasis added). It would run contrary to this expectation for the federal courts to cede enforcement of the ADA to the states.

For the above reasons, this Court may properly exercise federal question jurisdiction over the instant case.

## IV. CONCLUSION.

For all of the foregoing reasons, the Court should exercise its discretion to retain jurisdiction of this matter in its entirety, and deny Plaintiff's motion to remand.

Dated: April 28, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Michael J. Chilleen*
   MICHAEL J. CHILLEEN
   Attorneys for Defendant
   ACE HARDWARE CORPORATION

SMRH:4902-5601-7979.2