UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-0765 JGB (SPx)** | Date | August 28, 2025 |
|---|---|---|---|
| Title | *Michael Sandoval v. Ace Hardware Corporation et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiff's Motion for Remand and Attorneys' Fees (Dkt. No. 12); (2) DENYING Defendant's Request for Judicial Notice (Dkt. No. 13); and (3) VACATING the September 8, 2025, Hearing (IN CHAMBERS)

Before the Court is a Motion for Remand filed by Plaintiff Michael Sandoval. ("Motion," Dkt. No. 12.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion and **DENIES** Defendant's Request for Judicial Notice. The Court **VACATES** the hearing set for September 8, 2025.

## I. BACKGROUND

On January 24, 2025, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of San Bernardino against Defendants Ace Hardware Corporation ("Ace Hardware" or "Defendant") and Does 1-10. ("Complaint," Dkt. No. 1-1.) The Complaint alleged two causes of action: (1) violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et sec., and (2) violations of the Unrah Civil Rights Act ("UCRA"), Cal. Civ. Code §§ 51, et seq. (Id.)

On March 25, 2025, Defendant Ace Hardware removed the action to federal court. ("Notice of Removal," Dkt. No. 1.) On March 2, 2025, Plaintiff filed his First Amended Complaint. ("FAC," Dkt. No. 10.) The FAC contains one cause of action under the UCRA. (Id.) On March 16, 2025, Plaintiff filed a Motion to Remand based on the FAC. (Mot.) Defendant opposed the Motion on March 28, 2025. ("Opposition," Dkt. No. 13.) Defendant's

Opposition included a Request for Judicial Notice. ("RJN"; id.) Plaintiff replied in support of the Motion on May 5, 2025. ("Reply," Dkt. No. 14.)

## II.    REQUEST FOR JUDICIAL NOTICE

In its Opposition, Defendant Ace Hardware requests judicial notice of the following items:

- March 24, 2025, Notice of Disciplinary Charges from the State Bar of California, In the Matter of Joseph R. Manning, Jr., State Bar No. 223381, Case No. SBC-25-O-30346 ("RJN A") and
- June 3, 2021, Order Imposing Sanctions Under Federal Rule of Civil Procedure 11 against Joseph R. Manning, Jr. James Shayler v. Unlimited, Limited Liability Company, et al., Case No. 20-11605-SVW ("RJN B").

A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Under Federal Rule of Evidence 201, "[a] court must take judicial notice if a party requests it . . . ." Fed. R. Evid. 201(c)(2). Here, it is unnecessary to take judicial notice of items from other courts because this Court can consider them without judicial notice.

Proceedings of other courts, including orders and filings, are the proper subject of judicial notice when directly related to the case. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (stating that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") Here, the State Bar notice and order in Defendant's RJN are not directly related to this action. Accordingly, Defendant's RJN is **DENIED**. The Court notes that it may still consider RJN A and RJN B as nonbinding precedent.

## III.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). A defendant may only remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The

strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." <u>Jackson v. Specialized Loan Servicing, LLC</u>, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. <u>Id.</u>

## IV. DISCUSSION

Plaintiff moves to remand because his sole cause of action in the FAC arises under California law. (Mot. at 1.) He contends that Defendant violated the UCRA based on its failure to provide equal access for people with visual disabilities to accommodations, advantages, facilities, privileges, and services of www.acehardware.com. (FAC ¶¶ 64-65.) Plaintiff concedes California Civil Code Section 51(f) provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA. (<u>Id.</u> ¶ 67.) Plaintiff contends, however, that he does not allege an ADA cause of action and does not seek relief under the ADA. (Mot. at 1.) Additionally, Plaintiff argues that his request for relief amounts to less than $75,000, thereby precluding diversity jurisdiction. (<u>Id.</u>)

Defendant argues Plaintiff cannot evade federal jurisdiction by alleging a violation of the UCRA because the alleged UCRA violation is premised on a violation of the ADA. (Opp'n at 1.) Defendant further argues that, regardless of whether Plaintiff's FAC substantially relies on federal law, diversity jurisdiction is satisfied because the amount in controversy in the FAC exceeds $75,000.[1] (<u>Id.</u>)

### A. Federal Question Jurisdiction

Defendant removed the action based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. (<u>See</u> Notice of Removal ¶ 3.) Federal question exists only if: (1) federal law creates the cause of action; (2) under the artful pleading doctrine, one or more state law claims should be re-characterized as federal claims; or (3) one or more of the state law claims necessarily turns on the construction of a substantial, disputed federal question. <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339, 343 (9th Cir. 1996) (citing <u>Merrell Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 807-10 (1986)). The federal issue raised must not be collateral to a state law claim. <u>Jackson v. Yoshinoya Am. Inc.</u>, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013).

Here, the first two <u>Rains</u> bases are plainly absent. First, Plaintiff no longer alleges an ADA cause of action. (FAC ¶¶ 63-70.) He seeks relief pursuant to the UCRA and seeks damages not available through the ADA. (<u>Id.</u> ¶¶ 4-5.) Thus, even though Plaintiff's FAC references the ADA, his underlying cause of action is created by state law. <u>See</u> <u>Rains</u>, 80 F.3d at 343. References to the ADA "do not make [his] claim[] into [a] federal cause[] of action. Rather, the [FAC] merely incorporates [the federal statute] as one of several similar sources" supporting his claim that Defendant's operation of its website violates the UCRA. <u>See</u> <u>id.</u> at 344.

---

[1] The parties do not dispute diversity of citizenship.

Second, Plaintiff's claim is authorized by state law and no essential federal law was omitted. See Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984) (a plaintiff cannot evade federal jurisdiction by "omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.").[2] Furthermore, Defendant does not assert a federal preemption issue, and the ADA does not preempt California state law claims regarding discrimination on the basis of disability. Rios v. CWGS Enterprises, LLC, 2017 WL 3449052, at *4 (C.D. Cal. Aug. 11, 2017) (citing City of Los Angeles v. AECOM Servs., Inc., 854 F.3d 1149, 1155 (9th Cir. 2017)).

The third Rains basis depends on whether a state law claim involves a "substantial, disputed federal question." 80 F.3d at 343. To qualify for federal question jurisdiction, the federal law question must be a necessary element of the state claim. Id. at 345. "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Id. at 346.

Plaintiff indeed alleges Defendant's conduct violates the ADA, but not as an independent claim. Plaintiff alleges violations of the UCRA (1) under the California Civil Code Section 51 et seq., which guarantees specific rights to people with disabilities, and (2) under California Civil Code Section 51(f), which provides that a violation under the ADA also violates the UCRA. (FAC ¶¶ 66-67.) The UCRA provides for liability independent of the ADA, and Plaintiff's claim is not dependent on federal law. See Rains, 80 F.3d at 345-46; see also Martinez v. Matrix Health Prod., Inc., 2019 WL 2242074, at *3 (C.D. Cal. May 24, 2019) (citing Jackson, 2013 WL 865596, at *2 ("Courts have consistently held that the fact that state law incorporates the ADA as an element of a state law cause of action does not confer federal jurisdiction to hear the state claim[].")). As such, an ADA violation is not a necessary element of Plaintiff's UCRA claim because Plaintiff's claim is not exclusively premised on an ADA violation. (See FAC ¶ 66.) The Court finds the reference to the ADA does not confer federal question jurisdiction over Plaintiff's UCRA claim.[3]

---

[2] Defendant notes that Plaintiff references the federal Web Content Accessibility Guidelines. (Opp'n at 12.) Defendant, however, does not provide authority that violation of federal ADA guidelines is the only way in which a defendant may violate the UCRA based on its maintenance of a corporate webpage.

[3] The parties disagree as to whether Wander v. Kaus, 304 F.3d 856 (9th Cir. 2002) supports remand. Wander held that "[f]ederal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim" in a case where the plaintiff asserted two claims: (1) a claim for injunctive relief under the ADA; and (2) a claim for damages under a California statute. Id. at 859, 857. The ADA-based injunctive relief claim was dismissed as moot, leaving only the state law damages claim. Id. at 857. The court dismissed the case because damages are not available under the ADA. Id. Unlike in Wander, Plaintiff alleges only one cause of action for statutory damages and injunctive relief exclusively (continued . . . )

**B. Diversity Jurisdiction**

Plaintiff next argues that the Court lacks diversity jurisdiction because Plaintiff has intentionally limited the amount in controversy to less than $75,000. (Mot. at 1.) Defendant argues that, though Plaintiff's stated damages are capped below $75,000, the cost of statutory damages, injunctive relief, and attorneys' fees could exceed $75,000 regardless of Plaintiff's efforts to limit them. (Opp'n at 3.) There is no dispute as to diversity of citizenship—Ace Hardware is a Delaware corporation with its principal place of business in Illinois, and Plaintiff is a citizen of California. (See Notice of Removal)

When assessing the amount in controversy, the Court first considers whether it is "facially apparent" from the operative complaint that the jurisdictional amount has been satisfied. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). Here, the FAC limits statutory relief to $24,999.00 and the cost of injunctive relief to $50,000.00, amounting to $74,999.00. (See FAC.) Plaintiff also requests reasonable attorneys' fees and costs, which are not quantified or estimated. (Id.) Despite this, Defendant argues that the actual amount in controversy is higher than $75,000.

Under the Ninth Circuit's "either viewpoint" rule, "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." In re Ford Motor Co./Citibank (S. Dakota), N.A., 264 F.3d 952, 958 (9th Cir. 2001). The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees, and punitive damages. See Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). The defendant bears the burden to establish the amount in controversy at removal. Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). If "defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting Singer, 116 F.3d at 377). Additionally, Defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." Ibarra, 775 F.3d at 1198. Defendant

---

under the UCRA. (FAC ¶¶ 66-69.) Plaintiff simultaneously asserts Defendant's conduct violates the ADA. (Id. ¶ 67.) Wander left open the question raised here, whether a claim seeking injunctive relief under a state law incorporating the ADA alleges a federal question. See Fontano v. Little Caesar Enters. Inc., 2010 WL 4607021, at *2 (C.D. Cal. Nov. 3, 2010). Other courts in this district have remanded cases with analogous claims. See, e.g., Rios v. Friendly Hills Bank, 2017 WL 3530348, at *4 (C.D. Cal. Aug. 16, 2017); Rios v. CWGS Enterprises, LLC, 2017 WL 3449052, at *3 (C.D. Cal. Aug. 11, 2017); Thurston v. Chino Commercial Bank, N.A., 2017 WL 3224681, at *4 (C.D. Cal. July 27, 2017). The Court agrees with the other courts in this district and finds no federal question jurisdiction exists.

provides its own calculations of estimated statutory damages in excess of Plaintiff's self-imposed cap, along with noting that injunctive relief in another website accessibility case well exceeded $50,000.  (See Notice of Removal; Opp'n at 5-6.)

In general, a plaintiff may voluntarily limit requested relief below the full extent that may be available in order to avoid diversity jurisdiction.[4] See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938) ("If [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")  But the UCRA imposes a *minimum* recovery of $4,000.00 per violation and Plaintiff cites no authority for his ability to limit recovery below a statutory minimum.[5]  See California Civil Code § 52(a).  Though Plaintiff asserts in his Motion that he is only seeking recovery for two website visits, the FAC itself does not allege only two violations—it alleges ongoing harm and an unspecified number of visits, with two dates merely listed.  (FAC ¶ 55.)  The FAC also alleges deterred visits "on a regular basis," each of which separately entitles an individual to relief under the UCRA.  (Id. ¶ 56; see Molski v. Rapazzini Winery, 400 F. Supp. 2d 1208, 1211 (N.D. Cal. 2005) ("'each offense'" is each time the plaintiff visits the non-compliant place of public accommodation or each specific instance in which the plaintiff is deterred from attempting to visit.")  As such, even while Plaintiff asserts that his recovery is likely to be less than the $24,999.00 limit, the FAC alleges ongoing UCRA violations that could exceed $24,999.00 with statutory minimums, and Plaintiff does not actually cap damages at the lower amount he expects to recover or limit the number of visits he alleges. (Mot. at 5-6; FAC ¶¶ 55-56.)

Beyond statutory damages, Plaintiff cannot voluntarily limit the cost of injunctive relief, because Defendant would be obligated to fully comply with a court's order for injunctive relief even if the cost exceeds $50,000.00.  See, e.g., Martinez v. Johnson & Johnson Consumer Inc., 471 F. Supp. 3d 1003, 1008 (C.D. Cal. 2020) ("although it is true that Plaintiff can stipulate to limit the recovery of damages in an effort to avoid federal jurisdiction, the Court . . . concludes that Plaintiff cannot expressly limit the cost of injunctive relief. If Plaintiff prevails in this case, and injunctive relief is granted, the cost will be out of Plaintiff's control." (internal citations

---

[4] This is not true in cases removed under the Class Action Fairness Act because pre-class certification stipulations to limit recovery cannot bind future potential class members.  See Rodriguez, 728 F.3d at 981; Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1350 (2013).

[5] Both Brown v. Citibank USA, N.A., No. 2:14-CV-07695-CAS, 2014 WL 5810333, at *2 (C.D. Cal. Nov. 7, 2014) and Jackson v. Specialized Loan Servicing, LLC, No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *8 (C.D. Cal. Oct. 31, 2014) are distinguishable.  There, plaintiffs explicitly disclaimed statutory damages and attorneys' fees, both of which are requested in this case.  Standard Fire's reasoning prohibiting voluntary limits in class actions also supports this outcome, because Plaintiff here provides no basis for his authority to limit relief below the statutory minimum.  See 133 S. Ct. at 1349 (holding that a class action plaintiff could not limit the amount in controversy where here he lacked authority to stipulate to such a limit).

omitted.))  While Defendant does not offer an estimated cost to bring its website into compliance, it cites to a case where a defendant set aside $250,000 for its efforts to make its website accessible to the blind.  See Gil v. Winn-Dixie Stores, Inc., 257 F. Supp. 3d 1340, 1345 (S.D. Fla. 2017), vacated and remanded on other grounds, 993 F.3d 1266 (11th Cir. 2021), opinion vacated on reh'g, 21 F.4th 775 (11th Cir. 2021), and appeal dismissed and remanded, 21 F.4th 775 (11th Cir. 2021).  This establishes a reasonable assumption that Defendant's cost to comply with injunctive relief could exceed $50,000.

Finally, Defendant argues that Plaintiff's anticipated attorneys' fees cause the amount in controversy to exceed $75,000.  (Opp'n at 7-8.)  "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018).  The UCRA provides for attorneys' fees in successful actions.  See Cal. Civ. Code § 52(a).  Though Plaintiff does not estimate its total attorneys' fees, even at this stage they would almost certainly exceed that $1.01 that would push the amount in controversy over $75,000.  Even considering only attorneys' fees incurred at the time of removal, Plaintiff's attorneys drafted and filed an initial complaint alleging multiple causes of action, followed by an amended complaint.  In a declaration submitted with Plaintiff's Reply, one of Plaintiff's attorneys noted that his hourly billing rate in ADA cases is $500.  ("Declaration Tristan P. Jankowski in Support of Reply," Dkt. No. 14-1.)  The cost of the attorneys' work so far has surely exceeded $1.01.  Further, the attorneys' fees Plaintiff seeks just for this remand action are $1,500.  (Mot. at 10.)  In a similar case where remand was granted, Plaintiff expressly limited attorneys' fees to less than $75,000 in conjunction with other relief requested.  See Martinez v. CotN Wash, Inc., No. 220CV09327VAPAGRX, 2020 WL 6799076, at *3 (C.D. Cal. Nov. 18, 2020).  Plaintiff has offered no such limitation here.

Between possible statutory damages, costs of injunctive relief, and attorneys' fees, the amount in controversy in this case exceeds $75,000, satisfying diversity jurisdiction. Accordingly, the Court **DENIES** Plaintiff's Motion.

### C.  Plaintiff's Request for Attorneys' Fees

Because the Court denies Plaintiff's Motion and finds diversity jurisdiction, Plaintiff's request for attorneys' fees is **DENIED**.

### V.     CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's Motion and **DENIES** Defendant's Request for Judicial Notice.  The September 8, 2025 hearing is **VACATED**.

**IT IS SO ORDERED.**